1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          EASTERN DISTRICT OF CALIFORNIA
10
11   WENDELL W. CUMMINS,                    )   1:07-cv-00234-JLT
                                            )
12                  Plaintiff,              )
                                            )   ORDER GRANTING COUNSEL'S MOTION
13         v.                               )   FOR ATTORNEY FEES PURSUANT TO 42
                                            )   U.S.C. § 406(b)
14   MICHAEL J. ASTRUE,                      )
     Commissioner of Social Security,       )   (Doc. 30)
15                                          )
                    Defendant.              )
16   _____)

17         Denis Bourgeois Haley, ("Counsel") attorney for Plaintiff Wendell Cummins, seeks an

18   award of attorney fees pursuant to 42 U.S.C. § 406(b).  (Doc. 30).  Defendant has not opposed

19   the motion.[1]  For the following reasons, the motion for attorney fees is **GRANTED**.

20   **I.  Factual and Procedural History**

21         Plaintiff and Counsel entered into a contingent fee agreement, which provided Plaintiff

22   would pay twenty-five percent of any awarded past due benefits on February 9, 2007.  (Doc. 30,

23   Exh. 1).

24         On February 8, 2007, Plaintiff filed a complaint for review of the administrative decision

25   denying him benefits.  (Doc. 1).  The Court concluded the decision was not supported by

26
27   _____

28         [1] On May 2, 2011, the Court directed Defendant to file an opposition or notice of non-opposition to
     Counsel's motion within twenty-one days of service, or by May 23, 2011.  (Doc. 32).  However, Defendant failed to
     comply.  Therefore, Defendant has waived any objections to the motion.

                                            1

substantial evidence in the record and issued an order remanding the case pursuant to 42 U.S.C. § 405(g) for further consideration on September 11, 2008.  (Doc. 25).  Following the entry of judgment in favor of Plaintiff (Doc. 26), the parties stipulated to an award of $3,450 in attorney fees pursuant to the Equal Access Justice Act (Doc. 28), which was awarded on February 26, 2009 (Doc. 29).

On January 14, 2011, Plaintiff received a notice of a "fully favorable decision" from an administrative law judge.  (Doc. 30, Exh. 2).  Plaintiff received a "Notice of Award," which indicated he was entitled to retroactive benefits beginning September 2005.  (Doc. 30, Exh. 3).

## II.   Attorney Fees under § 406(b)

An attorney may seek an award of attorney fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits.  *Id.* at 807.

## III.   Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases."  *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Ca. 2003).   However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the representation and the results the representative achieved."  *Id.* at 808.  In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received."  *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, Plaintiff willingly entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded retroactive benefits.  Counsel accepted the risk of loss in the representation and spent 23.7 hours on the case.  (Doc. 30 at 3).  Counsel provided a record of the time spent on the matter, which establishes the amount of time spent on the case was reasonable.  (Doc. 30, Exh. 4).

As a result of Counsel's work, she secured a remand of the matter to an administrative law judge, and, ultimately, the award of benefits to Plaintiff.  For this, Counsel requests a fee of $9,000 under the fee contract.  This is much less that the amount to which she would be entitled under the contract. Because Plaintiff expects to receive $59,038.50 in benefits, $14,759.63 would be awardable under the agreement.  *Id*.  Because $3,450.00 was paid under the EAJA, the net cost to Plaintiff is $5,550.00.  Notably, Plaintiff and Defendant did not oppose the motion, thereby indicating their belief that the fees requested are reasonable.

## IV.   Conclusion and Order

The fees sought by Counsel are reasonable and not in excess of the twenty-five percent maximum permitted under 42 U.S.C. §406(b).  Further, there is no indication Counsel performed in a substandard manner or engaged in dilatory conduct.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1.      Counsel's motion for attorney fees pursuant to §406(b) in the amount of $9,000 is **GRANTED**;

2.      The Commissioner SHALL certify the fee award, in the amount of $9,000, to be paid directly to Counsel; and

3.      Counsel SHALL refund $3,450 to Plaintiff Wendell Cummins.

IT IS SO ORDERED.

Dated:   **June 8, 2011**                          _____
                                                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE